By the Court.
Oakley, Oh. J.
This action was brought against the defendants upon a bond executed by them under an order of filiation. _ To the declaration upon the bond, the defendants interposed demurrers, setting up various grounds of objection. Upon the argument, the only ground insisted on was one not specified in the demurrer, viz., that the condition of the bond upon which the action was brought, was broader than was authorized by the statute; that the bond not being a voluntary instrument, but executed in pursuance of a compulsory statute, must be precisely in accordance with it, and if it contain provisions not warranted by-the statute, it is void. Upon this point we were referred to the case of The People v. Meighan and others, (1 Hill, 298;) and there can be no doubt of the correctness of the general proposition, that where the bond-imposes further obligations than those provided by the statute, - or, in other words, contains a broader condition, it is void. .
*468 In this case, it is contended that tbe condition of tbe bond was too broad, because it embraced the sustenance of tbe mother during her confinement. Tbe child here bad been born several years at tbe time of tbe giving of tbe bond; and it is contended, that after tbe birth of tbe child,'a bond could only be required for its maintenance, and that it could have no retroactive effect for the sustenance of tbe mother.
The answer to all this is, that tbe bond in question was given under an order of filiation, and must be in pursuance of the provisions of the statute upon that subject. By a reference to tbe statute, (1 R. S. 651, § 47, 48, 49,) it will be perceived that the bond in question has literally followed the provisions there specified. It must therefore be valid, however superfluous any of its provisions may be. The bond is not only in conformity with the provisions of tbe statute, but follows its precise words..
Judgment for tbe plaintiff on the demurrer.